UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| FRANKIE D. CRUM,<br><br>Plaintiff,<br><br>vs.<br><br>GREENE COUNTY, TENNESSEE, et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 2:25-CV-00198-DCLC-CRW |

**MEMORANDUM OPINION & ORDER**

This matter is before the Court to consider the Order and Amended Report and Recommendation ("R&R") of the United States Magistrate Judge [Doc. 13]. The magistrate judge first granted Plaintiff's request to proceed in forma pauperis, denied his request for appointed counsel, and recommended that the matter be stayed pending the resolution of his state and federal criminal charges. *See* [Doc. 9]. Since the entry of the magistrate judge's first order and R&R [Doc. 9], Plaintiff was convicted on four out of five charges contained in his federal indictment after a two-day jury trial. *See* Verdict Forms, *United States v. Frankie Dwayne Crum*, 2:25-cr-00019-DCLC-CRW-1 (E.D. Tenn. April 8, 2026), ECF Nos. 77, 79. Plaintiff also since filed a Motion to Amend/Revise Complaint [Doc. 10] and objections to the first R&R [Doc. 11].

The current Order and R&R denies Plaintiff's Motion to Amend/Revise Complaint [Doc. 10] without prejudice and recommends that the Court withdraw the previously filed R&R [Doc. 9], deny Plaintiff's objections as moot [Doc. 11], and dismiss Plaintiff's Complaint without prejudice in part and permit it to proceed in part. *See* [Doc. 13]. Plaintiff filed timely objected to the R&R. [Doc. 14].

## I. BACKGROUND

The factual background of this matter has been thoroughly set forth in the R&R, *see* [Doc. 13, pgs. 2–5], and the Court need not reiterate it in full here. Plaintiff's claims arise from a traffic stop that took place pursuant to an arrest warrant on December 24, 2024. Plaintiff brings claims pursuant to 42 U.S.C. § 1983 against Defendants for allegations of failure to train and supervise, failure to intervene, malicious prosecution, illegal search and seizure, tampering with evidence, excessive force, intentional infliction of pain/emotional distress, and conversion of property. Plaintiff requests that the Court award him $5,000,000.00 in compensatory damages for the deprivation of his Fourth, Fifth, Sixth, and Fourteenth Amendment rights and further seeks $5,000,000.00 in punitive damages for his mental and emotional anguish, separation from family life, and conversion of chattels and asks for the "[r]eturn of all seized property with interest." [Doc. 2, pg. 6].

The R&R recommends dismissing without prejudice Plaintiff's claims for illegal search and seizure, failure to train and supervise, failure to intervene, tampering with evidence, and malicious prosecution. Regarding his claim for excessive force against Defendants Cedellio and Ball be dismissed without prejudice. But Plaintiff's claim excessive force claim and Fourth Amendment claim against Defendant Long be permitted to proceed. Regarding Plaintiff's claim for intentional infliction of emotional distress, the R&R recommends the claim be dismissed without prejudice as to all Defendants except as to Defendant Long. The R&R recommends that claim against Defendant Long proceed but only as to the fondling allegation only. Finally, it recommends Plaintiff's conversion claim be dismissed without prejudice.

Plaintiff alleges that Defendant Ball, with the approval of Defendant Cedellio, initially handcuffed him in front of his body because of a shoulder injury. *See* [Doc. 2, pg. 6]. Plaintiff then alleges that Defendant Long arrived on the scene about 20 minutes after Plaintiff was initially handcuffed, removed the handcuffs in front of Plaintiff and re-cuffed him behind his back over Plaintiff's objection, aggravating a shoulder injury, and then fondled him inside his pants. *See* [Doc. 2, pgs. 3, 6]. The R&R recommends that Plaintiff's claims of excessive force for the allegations that Defendant Long handcuffed Plaintiff behind his back with a known shoulder injury and of a violation of Plaintiff's Fourth Amendment rights and intentional infliction of emotional distress for the allegations of fondling go forward. *See* [Doc. 13, pgs. 13–18].

## II. LEGAL STANDARD

The Court reviews de novo any portion of the R&R to which a specific objection has been made. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Alspaugh v. McConnell*, 643 F.3d 162, 166 (6th Cir. 2011) ("Only those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have.") (citation omitted). Where no objections are filed, the Court will review for "clear error." *See* Fed.R.Civ.P. 72, Advisory Comm. Note of 1983 (b)("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Zimmerman v. Cason*, 354 F. App'x 228, 230 (6th Cir. 2009) (citing *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001)). Any issues raised for the first time in objections to an R&R are deemed waived. *See Murr v. United States*, 200 F.3d 895,

902 n.1 (6th Cir. 2000) (explaining that § 636 does not permit "parties to raise at the district court stage new arguments or issues that were not presented to the magistrate").

## III. ANALYSIS

Plaintiff filed several objections to the R&R. They are difficult to decipher, but the Court has organized them into three categories. The Court addresses each in turn.

### A. Failure to Train and Supervise

Plaintiff's first objection is to the recommendation dismissing his claim for failure to train and supervise against Greene County, Defendant Holt, and Defendant Cedellio. [Doc. 14, pg. 1]. He identifies three prior incidents that he contends establish a county custom or practice of tolerating excessive force by its officers. *Id.* This objection is overruled for two reasons.

First, the allegations were not before the magistrate judge, and they advance a theory the Complaint did not plead. The Complaint predicated the failure-to-train claim on falsified reports and on searches unsupported by probable cause. [Doc. 2, pg. 3]. Plaintiff now contends that Greene County failed to train its deputies to intervene in a fellow officer's use of excessive force. Absent compelling reasons, an issue raised for the first time in an objection to a report and recommendation is deemed waived. *Murr*, 200 F.3d at 902 n.1.

Second, the allegations would not save the claim. A municipality is liable under § 1983 only when a policy or custom of the municipality causes the constitutional violation. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–91 (1978). A failure-to-train claim ordinarily requires a pattern of similar violations sufficient to place policymakers on notice of the specific training deficiency alleged. *Connick v. Thompson*, 563 U.S. 51, 62–63 (2011). The three incidents Plaintiff identifies span thirteen years, the most recent occurring four years before his arrest. None involves the conduct at issue here, that is, the officer restraining Defendant known to have a shoulder injury,

or a search of his person. Prior violations that are different in kind and nature do not provide notice of any issues with training that Plaintiff alleges. *Id*. at 62. Plaintiff also alleges no facts connecting Defendant Holt or Defendant Cedellio to any training or supervisory decision. *See Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008).

**B. Excessive Force and Failure to Intervene**

Plaintiff's second objection is to the recommendation that his excessive force and failure-to-intervene claims against Defendants Ball and Cedellio be dismissed. [Doc. 14, pg. 3]. The Amended R&R concluded that Plaintiff "fails to allege that Defendants Ball and Cedellio were still on the scene at the time the alleged excessive force occurred." [Doc. 13, pgs. 15–16]. Plaintiff's objection supplies that allegation. He states that Defendant Ball stood at the front tire of the cruiser to his left, that Defendant Cedellio stood approximately six feet to his right and behind him and observed the encounter, that Defendant Long asked Defendant Ball to unlock the cruiser and asked Defendant Cedellio whether Plaintiff could remain cuffed in front, and that Defendant Cedellio remained on the scene throughout. [Id.].

The objection is overruled. Those allegations appear nowhere in the Complaint, and the Court does not consider allegations offered for the first time in objections to a report and recommendation. *Murr*, 200 F.3d at 902 n.1. The magistrate judge assessed the pleading before her, and her assessment of it was correct.

The dismissal is without prejudice, however, and the deficiency the magistrate judge identified appears curable. Plaintiff may move for leave to file an amended complaint that pleads the presence, knowledge, and opportunity to intervene of Defendants Ball and Cedellio. *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). Any such motion must be filed within thirty days of entry of this Order and must attach the proposed amended complaint in full. The

denial of Plaintiff's earlier Motion to Amend [Doc. 10] does not foreclose that request, because that motion sought to add allegations concerning laboratory reports and two additional defendants, not the allegations described above.

**C. Malicious Prosecution**

Plaintiff's third objection is to the recommendation dismissing his claim for malicious prosecution. The R&R recommends dismissing this claim because it is "intrinsically related to Plaintiff's arrest" stating that a "plaintiff cannot state a claim for malicious prosecution if the underlying legal proceeding has not been resolved in the plaintiff's favor, or if the prosecution ends in a conviction." [Doc. 13, pgs. 12–13 (citing *Parker v. Phillips*, 27 F. App'x. 491, 493 (6th Cir. 2001))]. Plaintiff contends that his malicious prosecution claim rests on the Greene County prosecution rather than the federal one; that the state charges were dismissed; that he was arrested on December 24, 2024, arraigned three days later, released on a $200,000 bond, and then subjected to electronic monitoring, a weekly monitoring fee, a curfew, travel restrictions, and required court appearances; and that the suppression rulings he now confronts were entered in the federal case alone. [Doc. 14, pgs. 3–4].

The Amended R&R concluded that Plaintiff "cannot satisfy the fourth factor" because he "has now been convicted on the related federal charges." [Doc. 13, pg. 13]. "To demonstrate a favorable termination of a criminal prosecution for purposes of [a] Fourth Amendment claim under § 1983 for malicious prosecution, a plaintiff need only show that his prosecution ended without a conviction." *Thompson v. Clark*, 596 U.S. 36, 39 (2022). In this case, Plaintiff's focus is on the Greene County charges, and those charges were dismissed. Thus, Plaintiff has satisfied the favorable-termination element regarding the state prosecution claim and to the extent that the R&R finds otherwise, it is not adopted herein.

But his malicious prosecution claim nevertheless fails. *Heck* bars § 1983 plaintiffs from advancing claims that, if successful, "would necessarily imply the invalidity" of a prior conviction or sentence. *Cummings v. City of Akron*, 418 F.3d 676, 682 (6th Cir. 2005) (quoting *Heck v. Humphrey*, 512 U.S. 477, 487 (1994)). To prevail on a malicious prosecution claim, Plaintiff must prove "that there was a lack of probable cause for the criminal prosecution." *Sykes v. Anderson*, 625 F.3d 294, 308 (6th Cir. 2010). The state and federal charges arose from the same facts arising from Plaintiff's arrest on December 24, 2024. A judgment that the officers lacked probable cause to arrest Plaintiff and to search his truck would necessarily impugn the convictions returned on Counts One through Four of the superseding indictment. That the charges in state court were dismissed does not change the result because Plaintiff seeks damages arising from his arrest, his bond conditions, and his monitoring, all of which flowed from the same probable cause determination that supports his federal convictions. *Heck* therefore bars the claim unless and until those convictions are set aside. This objection is overruled, and the claim is dismissed without prejudice.

**D. Renewed Motion to Appoint Counsel**

Plaintiff renews his request for appointed counsel. [Doc. 14, pgs. 4–5]. He states that he is indigent; that he is incarcerated at the Laurel County Correctional Center in London, Kentucky, roughly two hours from this District; that the facility provides no legal aid and employs no law clerk; that its telephone system does not permit toll-free calls, which prevents him from contacting counsel; and that he is permitted one hour each week to review discovery materials. [*Id.*].

The appointment of counsel in a civil proceeding is a privilege rather than a constitutional right, and it is justified only by exceptional circumstances. *Lavado v. Keohane*, 992 F.2d 601, 605–06 (6th Cir. 1993). In assessing whether such circumstances exist, a court examines the

complexity of the case and the plaintiff's ability to represent himself. *Id*. at 606. Plaintiff claims that there is no law clerk at the BOP facility, the telephone system blocks toll-free calls, and he only is permitted one hour per week to review the discovery materials. All of these he claims justifies the appointment of counsel. But the facts Plaintiff alleges are not so exceptional that the appointment of counsel would be justified. The remaining claims present two issues: whether Defendant Long restrained Plaintiff behind his back after being told of a shoulder injury, and whether Defendant Long's search of Plaintiff was unconstitutional. Neither of those allegations requires expert proof or extensive discovery. Plaintiff's pleadings show a capacity to represent himself. This motion is therefore **DENIED**.

**E. Conversion of Property**

Plaintiff did not object to the recommendation that his conversion claim be dismissed. The Court will review the seizure of the truck and the $1,781.00 for clear error. It will analyze unaccounted for $6,000 separately as the R&R did not address it.

Plaintiff seeks the return of his truck, of $1,781.00 seized at the time of his arrest, and of approximately $6,000.00 that he alleges was never accounted for. [Doc. 2, pg. 5]. The truck and the $1,781.00 were seized in the search that this Court has already sustained. *See United States v. Crum*, No. 2:25-CR-00019-DCLC-CRW [Doc. 37, pgs. 9–11]. Plaintiff's claim in regard to those items of personal property is based on what he claims to be an unlawful seizure. But that would necessarily imply the invalidity of the convictions that rest on the evidence recovered in the same search, and *Heck* bars that claim for the reasons already stated. To the extent Plaintiff seeks the return of the property rather than damages, § 1983 is not the vehicle for that relief. Property seized in a federal criminal prosecution is returned, if at all, through that prosecution. *See* Fed. R. Crim.

P. 41(g). Plaintiff may move for the return of his property in *United States v. Crum*, No. 2:25-CR-00019-DCLC-CRW, and may contest any forfeiture through the process that proceeding affords.

The approximately $6,000.00 Plaintiff alleges officers took without accounting for it is differs from the other personal property. A finding that officers took money they never inventoried would not imply that any conviction is invalid, so *Heck* does not bar that claim. But his claim still fails. Plaintiff does not allege who took the money, when it was taken, or under what circumstances. He alleges only that the sum was unaccounted for and that he learned of the loss months later. A claim for damages against a government official must allege with particularity what each defendant did to violate the asserted right. *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008). Liberally reading Plaintiff's complaint, it fails to allege a claim for the deprivation of his property because he fails to allege that the "state post-deprivation remedies" are inadequate. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *see also Vicory v. Walton*, 721 F.2d 1062, 1066 (6th Cir. 1983) (holding that "in section 1983 damage suits claiming the deprivation of a property interest without procedural due process of law, the plaintiff must plead and prove that state remedies for redressing the wrong are inadequate.").

## IV. CONCLUSION

After thorough consideration of Plaintiff's objections [Doc. 14], the R&R [Doc. 13], and the record as a whole, the Court finds that the R&R properly analyzes the issues presented subject to the modifications stated herein. For the reasons set out in the R&R, which are incorporated by reference herein, it is hereby **ORDERED** that Plaintiff's objections [Doc. 14] are **OVERRULED**, the report and recommendation [Doc. 13] is **ADOPTED AS MODIFIED** by this Opinion. Accordingly, the first R&R [Doc. 9] is **WITHDRAWN**; Plaintiff's objections to the first R&R [Doc. 9] are **DENIED AS MOOT**; Plaintiff's Motion to Amend/Revise Complaint [Doc. 10] is

**DENIED WITHOUT PREJUDICE**; Plaintiff's renewed request for the appointment of counsel [Doc. 14] is **DENIED**, Plaintiff's claims against all Defendants, except for Defendant Andrew Long, are **DISMISSED WITHOUT PREJUDICE**; and Plaintiff's claims against Defendant Andrew Long for excessive force, for a violation of Plaintiff's Fourth Amendment right as to the fondling allegations, and for intentional infliction of emotional distress as to the fondling allegations are **PERMITTED TO PROCEED**. Plaintiff may move for leave to file an amended complaint as to Defendants Ball and Cedellio within thirty days of entry of this Order, and any such motion must attach the proposed amended complaint in full.

**SO ORDERED:**

s/ Clifton L. Corker
United States District Judge